# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Ismael Irizarry, | ) | CASE NO: 4:23CV1376 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Ohio Dept. of Rehab. and Correction, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is a motion to dismiss filed by Defendants.  Doc. 12. Plaintiff Ismael Irizarry has not opposed the motion.   Upon review, the motion to dismiss is GRANTED, and this matter is DISMISSED.

## I.  Factual Background

Irizarry filed this action based upon events that occurred while he was incarcerated at the Trumbull Correctional Institution, a prison run by the Ohio Department of Rehabilitation and Correction.  Irizarry claimed that he was improperly placed in a cell with another prison that shared his same security level.  Irizarry claimed that this violated institutional policies.  Irizarry also asserted that this housing led to an altercation with his cellmate that resulted in him being injured.

Within his complaint, Irizarry admitted the prison had a grievance process and that he failed to utilize any part of the process. While Irizarry claimed he did so out of fear of retaliation, he did not plead any facts that suggested any basis for this fear. In response, Defendants moved to dismiss the matter because of Irizarry's failure to exhaust his administrative remedies. Irizarry did not respond to the motion.

## II. Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may

not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### III. Analysis

Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996 to "reduce the quantity and improve the quality of prisoner suits" that were flooding federal district courts nationwide and to reduce the need for federal courts to intervene in prison management. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). To help achieve these objectives, the PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This mandatory exhaustion requirement acts as a gatekeeper and is intended "to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). Moreover, the term "prison conditions" in § 1997e(a) is broad enough to include claims of excessive force. *Freeman*, 196 F.3d at 644.

The PLRA does not provide a uniform federal exhaustion standard; rather, the inmate's correctional institution defines the applicable procedural rules that the inmate

must follow to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, to comply with the PLRA's exhaustion requirement, an inmate must take "advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey*, 603 F.3d at 324 (citing *Woodford*, 548 U.S. at 90, 95); *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011).

Although the PLRA's exhaustion requirement is strictly construed, the statute "contains its own, textual exception to mandatory exhaustion" that applies when remedies are not "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). Thus, an inmate must only exhaust available remedies, not unavailable ones. *Id*. (citing 42 U.S.C. § 1997e(a)). The Supreme Court has identified three situations in which an administrative procedure is unavailable to prisoners and is therefore not subject to the exhaustion requirement: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it" because it is "so opaque" or "so confusing"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 643-44.

Even if an inmate has evidence to show that an administrative procedure was unavailable, he is not automatically absolved from the PLRA's exhaustion requirement because the Sixth Circuit requires inmates to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies

unavailable." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (quoting *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011)). "When a prisoner makes affirmative efforts to comply but does not succeed, we analyze whether those efforts to exhaust were sufficient under the circumstances." *Id.* (quoting *Risher*, 639 F.3d at 240) (internal quotation marks omitted).

Irizarry concedes in his complaint that he did not make any affirmative efforts to utilize the grievance procedures available at Trumbull.  It appears that he attempts to evade this requirement by claiming that he feared retaliation.  In that regard, the Supreme Court has recognized that threats and intimidation fit within the "unavailability" category.  *Ross v. Blake*, 578 U.S. 632, 644 (2016).  However, Irizarry has not alleged any threats or any actions at all that gave rise to his alleged fear of retaliation.  This Court cannot rely upon Irizarry's subjective believes when determining whether remedies were available.  *See Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (*en banc*) (holding that the PLRA's exhaustion provision does not permit a court to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative remedies are available).  Moreover, "[a] general fear of retaliation is not an exception to the PLRA's exhaustion requirement.  *Hines v. Valhalla Cnty. Corr. Facility*, No. 0C CIV.6935(SAS), 2002 WL 1822740, at *3 (S.D.N.Y. Aug. 8, 2002).

Based upon the above, Defendants have proven that Irizarry failed to exhaust available administrative remedies.  Accordingly, the motion to dismiss is well taken.

**IV. Conclusion**

Based upon the above, Defendants' motion to dismiss is GRANTED.  This matter is hereby DISMISSED.  Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Petitioner may not take an appeal from the Court's decision in good faith.

IT IS SO ORDERED.

December 11, 2023              _/s/ Judge John R. Adams_
DATE                                 JUDGE JOHN R. ADAMS
                                        UNITED STATES DISTRICT COURT